[Civ. No. 7110. Fourth Dist. June 18, 1963.]

HALL'S AIR CONDITIONING & PLUMBING, Plaintiff and Appellant, v. M. Z. COLLINS, Defendant and Respondent; HAROLD HICKS, Garnishee and Respondent.

Marsh, Moore & Cologne and Richard M. Marsh for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Slaughter, Schlesinger & Schlecht and Joseph B. Lamb for Garnishee and Respondent.

GRIFFIN, P. J.—Hall's Air Conditioning and Plumbing, as subcontractor, plaintiff-appellant, creditor and garnishor, brought an action against M. Z. Collins, individually and doing business as M. Z. Collins Construction Company, a general contractor, and defendant herein in the lower court, for

$6,016.34 upon a written contract between them whereby plaintiff, as subcontractor, furnished plumbing and air conditioning for construction upon the owner's property. The owner, garnishee and respondent herein, is Harold Hicks. The owner is neither named nor included as a defendant in this action.

The plaintiff obtained a writ of attachment and caused it to be served by the city marshal upon the owner on December 13, 1961. The owner admits having $22,202.44 which, except for claimed offsets, is due Collins under the owner's contract with the defendant general contractor.

Respondent's affidavit shows that at that time he had pending against him and his property numerous actions for foreclosure of mechanics' liens which he was obligated to pay, due to defalcation of defendant Collins and which he claims as an offset against any claim by Collins against him. Respondent stated that he had no money to pay the defendant Collins because the money which he had not yet paid Collins on his contract was required to relieve his property of liens filed against the property by reason of Collins' breach of the contract in failing to keep the property free of liens. The owner alleges that the total amount of such liens greatly exceeded the amount of plaintiff's claim (i.e., in excess of $9,000). He and the marshal making the levy made a return to the garnishment accordingly. The garnishee (Hicks) was ordered before the superior court on February 2, 1962, to testify under oath respecting the money due defendant Collins.

The owner noticed a motion for dissolution of the garnishment for January 26, 1962, on the grounds that these prior claims constituted an offset against other sums due by the owner to Collins, and accordingly he had no money on hand to pay over to the garnishor at the time of service of this attachment. Affidavits to this effect were filed. Plaintiff filed an affidavit in opposition thereto, setting forth the names, title, numbers and amounts involved in the cases, and alleged that an inspection of them showed that in no action had a judgment been entered upon the date of the levy of attachment.

It was reported that defendant Collins was a nonresident of California and personal service upon him had not been had, and that to dissolve the attachment would be to deprive the court of jurisdiction over defendant and his property. (Citing *Brown* v. *Campbell*, 100 Cal. 635 [35 P. 433, 38 Am.St. Rep. 314]; Code Civ. Proc., § 537.)

Upon this showing, the court granted the motion to dissolve the garnishment.

The record comes to us solely upon the clerk's transcript, setting forth the affidavits above mentioned and as presented. Plaintiff contends that the owner is only entitled to assert his right to setoff after judgment has been rendered establishing the validity of the claim against the garnishee. In support of this contention, he cites Code of Civil Procedure, section 1186.1. This section deals with the rights of contractors and owners, respectively, relating to their rights where subcontractors assert liens, but the plaintiff here is not a lien claimant and does not assert any rights as such. This section does authorize the owner to retain money due the general contractor while he (the general contractor) defends suits by subcontractors involving their asserted lien rights. It also recites:

"In case of *judgment* in such action against the owner or his property upon the lien, the said owner shall be entitled to deduct from any amount due, or to become due by him to the contractor, the amount of such *judgment and costs. . . .*" (Italics ours.)

■ Apparently, no judgment determining the amount due under the lien or costs of suit allowable has been entered or determined by any court, and the amount of the lien, if any, remains undetermined and apparently, at the time of the hearing here in question, the liens had not been paid. Whether there will be an excess, over and above the liens, is not ascertainable from the record. We cannot presume that there will not be such excess. The real question presented may well be the priority of the claims and whether there will be funds or property sufficient to pay said liens, if properly filed, prior to plaintiff's attachment lien. Plaintiff should not have his rights in and to the property determined before the amount, the validity and the sufficiency of the mechanics' liens, if any, have been determined.

Other questions presented as to the right of a garnishee to present and of the court to entertain such an order in this action become unnecessary to determine.

Order dissolving garnishment by attachment reversed.

Brown (Gerald), J., and Conley, J.,* concurred.

A petition for a rehearing was denied July 8, 1963, and

*Assigned by Chairman of Judicial Council.

the petition of garnishee and respondent for a hearing by the Supreme Court was denied August 14, 1963.